**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00241-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

JUSTIN HANDS,

    Plaintiff,

v.

CATHY WILSON, and
MELISSA JENNINGS,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

    Plaintiff, Justin Hands, initiated this action by filing a Prisoner Complaint challenging the revocation of his parole and his incarceration and requesting release from custody and money damages.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

    Plaintiff further is directed that he may not raise a request for release from custody in a § 1983 action; a challenge to the execution of a sentence more properly is raised in a habeas action.  *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir.

2005) ("[a] prisoner may use § 1983 to challenge the conditions of [her] confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."). A 28 U.S.C. § 2241 action is the proper manner to challenge the execution of a sentence. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000); *see also United States v. Furman,* 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241"). Also, a request for money damages regarding an alleged improper incarceration only is proper once the incarceration is invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   __   is not submitted
(2)   __   is missing affidavit
(3)   __   prisoner's trust fund statement is not certified
(4)   __   is missing required financial information
(5)   __   is missing an original signature by the prisoner
(6)   X    is not on proper form (must use the Court's form for habeas actions)
(7)   __   names in caption do not match names in caption of complaint, petition or habeas application
(8)   __   An original and a copy have not been received by the court. Only an original has been received.
(9)   X    other: **In the alternative, Plaintiff may prepay the filing fee which is $5.00 in a 28 U.S.C. § 2241 action**

**Complaint, Petition or Application**:
(10)  __   is not submitted
(11)  X    is not on proper form (must use a Court-approved form for a 2241 habeas application)
(12)  __   is missing an original signature by the prisoner
(13)  __   is missing page nos. __
(14)  __   uses et al. instead of listing all parties in caption
(15)  __   An original and a copy have not been received by the court. Only an original has been received.
(16)  __   Sufficient copies to serve each defendant/respondent have not been received by the court.
(17)  __   names in caption do not match names in text

(18)    X    other: **If Plaintiff desires to continue with this action and challenge the execution of his sentence he must file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.**

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved forms for filing a 28 U.S.C. § 2241 action and a request to proceed pursuant to 28 U.S.C. § 1915 in a habeas action, if he desires to proceed *in forma pauperis*, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at  www.cod.uscourts.gov. for use in curing deficiencies. It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED February 4, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher  
United States Magistrate Judge