IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00241-GPG

JUSTIN HANDS,

    Applicant,

v.

JAMES FALK,

    Respondent.

---

ORDER TO FILE A SUPPLEMENT TO THE PRELIMINARY RESPONSE

---

Applicant, Justin Hands, is in the custody of the Colorado Department of Corrections in Sterling, Colorado. He has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and has paid the $5.00 filing fee (ECF No. 7). In his habeas application, Mr. Hands challenges the revocation of his parole and the fact that he never received a parole revocation hearing. Mr. Hands requests that he be released from the Colorado Department of Corrections and continue his parole or be provided a parole revocation hearing which was denied to him.

On April 1, 2015, Magistrate Judge Gordon P. Gallagher issued an Order (ECF No. 8) directing Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. 2244(d) and/or exhaustion of state court remedies. Respondent filed his Preliminary Response on April 22, 2015 asserting that Mr. Hands has failed to exhaust his state court remedies. (ECF No. 11). Mr. Hands filed a Reply on May 11, 2015. (ECF No. 12).

In his Preliminary Response, Respondent argues that "[i]n light of the importance

of the State's interest in enforcement of its procedures concerning habeas corpus, and the proper use of the courts in Colorado, those interests would best be served by requiring Hands to exhaust his state remedies by complying with Colorado's procedural rules." (ECF No. 11 at 5). However, even if Mr. Hands failed to exhaust state court remedies for his claim, the Court may not dismiss the claim for failure to exhaust if he no longer has an adequate and effective state remedy available to him. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)).

Respondent failed to address whether Mr. Hands currently has an adequate and effective state remedy available to him.  Additionally, Respondent failed to address whether Mr. Hands is subject to anticipatory procedural default of his claim. Anticipatory procedural default applies if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

As a general rule, this Court will "not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998); *see Medlock v. Ward*, 200 F.3d 1314, 1322-23 (10th Cir. 2000).

Accordingly, Respondent is ordered to file a Supplement to the Preliminary Response limited to the issues of whether Mr. Hands has an adequate and effective state remedy available to him and/or whether he has procedurally defaulted his claims. The Supplement to the Preliminary Response should be filed within twenty-one (21)

days of the date of this Order.

Additionally, Mr. Hands will have an additional twenty-one (21) days from the date the Supplement to the Preliminary Response is filed to file a Reply. Accordingly, it is

ORDERED that the Respondent file a Supplement to the Preliminary Response **within twenty-one (21)** days from the date of this order limited to the issues of whether Applicant has an adequate and effective state remedy available to him and/or whether he has procedurally defaulted his claim. It is

FURTHER ORDERED that **within twenty-one (21)** days of the filing of the Supplement to the Preliminary Response, Applicant may file a Reply if he so wishes.

DATED May 28, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge