IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00241-GPG

JUSTIN HANDS,

    Applicant,

v.

JAMES FALK,

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Justin Hands, initiated this action while he was in the custody of the Colorado Department of Corrections in Sterling, Colorado, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). In the Application, Mr. Hands challenges the revocation of his parole and the fact that he never received a parole revocation hearing. On April 22, 2015, Respondent filed a Preliminary Response (ECF No. 11) asserting that Mr. Hands failed to exhaust his state court remedies. On May 11, 2015, Mr. Hands filed a reply (ECF No. 12). On May 28, 2015, the Court ordered Respondent to supplement the Preliminary Response to address whether "Mr. Hands has an adequate and effective state remedy available to him," and if so, "whether he has procedurally defaulted his claims." (*See* ECF No. 14).

On June 3, 2015, Mr. Hands filed a notice of change of address and advised the Court that he now resides in Aurora, Colorado. (*See* ECF No. 15.) On June 18, 2015, Respondent informed the Court, in its Supplement to the Preliminary Response (ECF

No. 18) that Mr. Hands is no longer incarcerated within the Colorado Department of Corrections because he reached his statutory discharge date and was discharged on May 29, 2015. Respondent also asserted that Mr. Hands' claim was both procedurally defaulted and moot. On July 23, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Hands to show cause why his Application should not be denied as moot because he has been released from custody and, therefore, there is no longer an actual controversy regarding his parole revocation. (*See* ECF No. 19). Mr. Hands has not filed any response within the time permitted by the Order to Show Cause.

The Court must construe the Application and other papers filed by Mr. Hands liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

In the Application, Mr. Hands asserts that he was denied due process in connection with the revocation of his parole in December 2014. As relief, Mr. Hands seeks immediate release from prison and to "continue his parole in the custody of the Division of Adult Parole and Community Corrections." (*See* ECF No. 5 at 6).

In the Supplement to the Preliminary Response (ECF No. 18), Respondent argues that Mr. Hands did not exhaust state remedies and procedurally defaulted his claim, and that his claim is now moot because of his release from custody. Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the

existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). Furthermore, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted).

A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.")  "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology,* 506 U.S. at 12 (internal quotation marks omitted).

It is clear that Mr. Hands' claim challenging the revocation of his parole in December 2014 is moot.  Once Mr. Hands was released from custody on May 29, 2015, he no longer had a redressable injury arising from the revocation of his parole in December 2014.  *See e.g., Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (per curiam) (dismissing appeal as moot because the petition challenged only determinations that delayed defendant's parole date and he already had been released on parole).  As a result, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III.  *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *see*

*also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). Similarly, once Mr. Hands was released from custody in May 2015, he no longer had a redressable injury arising from the revocation of his parole in December 2014.

Applicant could avoid dismissal of his claim challenging the parole proceedings as moot by establishing the existence of continuing collateral consequences as a result of the revocation of parole in December 2014. *See Spencer*, 523 U.S. at 7-8. However, Mr. Hands does not demonstrate any collateral consequences resulting from the parole proceedings that would overcome a finding of mootness and no such collateral consequences are apparent. The fact that Mr. Hands' parole was revoked does not alter the Court's conclusion that his claim challenging parole proceedings in December 2014 is moot. Therefore, Mr. Hands fails to present a case or controversy for purposes of Article III with respect to his claim challenging the revocation of his parole, and thus his Application will be dismissed for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application and the application are denied and the action is dismissed with prejudice for the reasons stated in this order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of    August    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court

5